FILED
IN CLERK'S OFFICE
U.S. ... ... N.Y.
SEP 28 2005
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

CHARLES WOODS,

           Petitioner,

-against-

ROBERT E. ERCOLE,

           Respondent.
------------------------------------------------------X

05 CV 4505 (ARR)

NOT FOR
PUBLICATION

MEMORANDUM
AND ORDER

ROSS, United States District Judge:

By petition dated September 13, 2005, the *pro se* petitioner CHARLES WOODS, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court orders petitioner to show cause within 30 days of the entry of this order why the court should not dismiss the petition as time-barred.

Background

On September 28, 1982, petitioner was convicted upon a jury verdict of attempted murder in the first degree, assault in the first degree, assault in the second degree and criminal possession of a weapon in the second degree in New York Supreme Court, Kings County. See Petition at 1. Petitioner was sentenced to 25 years to life imprisonment. Id. The Appellate Division affirmed the conviction on June 13, 1988, People v. Woods, 141 A.D.2d 684, 529 N.Y.S.2d 384 (2d Dep't 1988), and the New York Court of Appeals denied leave to appeal on August 24, 1988. People v. Woods, 72 N.Y.2d 926 (1988).

1

Discussion

With the passage of AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under subsection (A),[1] the instant petition appears untimely. Direct review concluded on or about November 24, 1988, upon expiration of the 90-day period for seeking a writ of certiorari. Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). "Prisoners like [Woods] whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one-year grace period in which to file their habeas corpus petitions, or until April 24, 1997." Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir.) (per curiam) (citing Ross v. Artuz, 150 F.3d 97, 100-03 (2d Cir. 1998)). The instant petition, dated September 13, 2005, was filed more than seven years after the grace period expired.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(C) are applicable.

2

Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). According to petitioner, he filed two post-conviction motions under N.Y. Crim. Proc. Law § 440.10 ("440 motion") to vacate the judgment. The first 440 motion was denied on December 13, 1984 and the second was denied on April 11, 2005. See Petition at 4. These post-conviction proceedings, however, do not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation or grace period. Smith, 208 F.3d at 16.

Although petitioner does not provide the dates he filed each respective 440 motion, he is advised that neither 440 motion appears to toll the limitations period under 28 U.S.C. § 2244(d)(2). The first petition was decided in 1984 and as such does not toll the grace period. The second 440 motion, unless filed before the grace period expired on April 24, 1997, also does not toll the grace period. Nothing in the petition indicates that the second petition was filed before April 24, 1997. The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Id. at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. As currently presented, the Court sees no basis for applying equitable tolling. Petitioner does not provide facts to show that extraordinary circumstances prevented him from filing the instant petition on time and that he acted with reasonable diligence.

Conclusion

The court hereby directs petitioner to show cause by written affirmation, within 30 days from entry of this order, why the court should not dismiss his petition as time-barred by the AEDPA's one year statute of limitations. Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000).

No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated:   Brooklyn, New York
         Sept. 27, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHARLES WOODS,

        Petitioner,

  -against-

ROBERT E. ERCOLE,

        Respondent.
----------------------------------------X

**PETITIONER'S AFFIRMATION**

05-CV-4505 (ARR)

STATE OF _____ }
COUNTY OF _____ } SS:

    CHARLES WOODS, appearing *pro se*, makes the following affirmation under the penalties of perjury:   I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code