UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

CHARLES WOODS,                              05 CV 4505 (ARR)

              Petitioner,            NOT FOR
     -against-                                 PUBLICATION

ROBERT E. ERCOLE,                           MEMORANDUM
                                            AND ORDER

              Respondent.
-------------------------------------------------------------X

ROSS, United States District Judge:

By order dated September 27, 2005, the court directed petitioner Charles Woods to show cause why the petition for a writ of habeas corpus he submitted on September 13, 2005 challenging his 1982 Kings County conviction should not be dismissed as time-barred. Petitioner filed an affirmation on October 21, 2005. Petitioner's affirmation fails to demonstrate that the instant petition is timely or that he is entitled to statutory or equitable tolling.

The court's prior order noted that because petitioner's conviction became final prior to the Antiterrorism and Effective Death Penalty Act's effective date of April 24, 1996, he had a one-year grace period in which to file his habeas corpus petition, that is until April 24, 1997, see Woods v. Ercole, No. 05-CV-4505 (ARR), slip op. at 2 (E.D.N.Y. Sept. 27, 2005), but that the instant petition, dated September 13, 2005, was filed more than seven years after the grace period had expired. The court further noted that despite petitioner's filing of two post-conviction motions under N.Y. Crim. Proc. Law § 440.10, his petition did not qualify for statutory tolling under 28 U.S.C. § 2244(d)(2) as the first motion was filed before the grace period began and the second motion was filed well after the grace period had expired. Woods, slip op at 3.

1

The court directed petitioner to set forth any basis for equitable tolling by demonstrating that (i) extraordinary circumstances prevented him from filing his petition on time, and (ii) he acted with reasonable diligence throughout the period he seeks to toll. Woods, slip op at 3. Petitioner does not set forth any basis for equitable tolling of the grace period. Instead, petitioner alleges that he

> is not challenging his direct appeal ... nor is this petition brought forth on petitioner's collateral motion 440 1984, nor his second collateral motion filed on or about April of 1997. Petitioner brings this petition based on the claims raised in a collateral motion 440.10,20 on the grounds of ineffective assistance of counsel and further constitutional violations filed in the State Supreme Court on December 21, 2004, denied April 12, 2005, appeal on May 10, 2005 at the Appellate Division Second Department denied August 15, 2005.

Petitioner's Affirmation at 1-2. Petitioner argues that he is not time-barred because he is not challenging his conviction on grounds raised in his direct appeal, but rather on grounds raised in his 440 motion filed on December 21, 2004. Petitioner maintains that he filed the petition within one year from the date the Appellate Division denied leave to appeal on August 15, 2005.

Petitioner misunderstands the trigger date for the period of limitations under 28 U.S.C. § 2244(d). The one year period runs from the date of four events, summarized as follows: (1) the date the conviction becomes final, (2) the date the impediment to filing is removed, (3) the date the constitutional right is recognized by the Supreme Court, or (4) the date the factual predicate could have been discovered. The filing of a 440 motion is not trigger date for calculating the grace period, rather, it only serves to toll the grace period while the motion is pending, but only if the motion was filed during the grace period. See 28 U.S.C. § 2244(d)(2); Woods, slip op at 3. Since petitioner states that he filed the 440 motion on December 21, 2004, well after the grace period had expired, it cannot toll the grace period under 28 U.S.C. § 2244(d)(2). Furthermore, petitioner's affirmation does not provide any other basis to equitably toll the limitations period.

2

Conclusion

Nevertheless, the court shall afford petitioner one more opportunity to show cause by written affirmation, within 30 days from the entry of this order, why the instant petition should not be dismissed as time-barred. Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). Petitioner is advised that in order to qualify for equitable tolling of the limitations period, he must set forth facts to show that extraordinary circumstances prevented him from filing the instant petition and that he acted with reasonable diligence. No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
November 15, 2005

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————X

CHARLES WOODS,

                 Petitioner,

   -against-

ROBERT E. ERCOLE,

                 Respondent.

———————————————————————————X

**PETITIONER'S**
**SECOND AFFIRMATION**

**05-CV-4505 (ARR)**

STATE OF _____   }
COUNTY OF _____   } SS:

      CHARLES WOODS, appearing *pro se*, makes the following affirmation under the penalties

of perjury:     I am the petitioner in this action and I respectfully submit this affirmation in response

to the Court's order dated _____. The instant petition should not be time-barred by the

one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____

Signature & Identification Number

_____

Address

_____

_____

City, State & Zip Code