UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CHARLES WOODS,

                Petitioner,

-against-

ROBERT E. ERCOLE,

                Respondent.
----------------------------------------------------------X

05 CV 4505 (ARR)

NOT FOR
PUBLICATION

MEMORANDUM
AND ORDER

ROSS, United States District Judge:

By order dated November 15, 2005, the court directed petitioner Charles Woods to show cause for the second time why the petition for a writ of habeas corpus challenging his 1982 Kings County conviction should not be dismissed as time-barred. See Woods v. Ercole, No. 05-CV-4505 (ARR), slip op. at 1 (E.D.N.Y. Nov. 15, 2005). Petitioner filed his affirmation on December 1, 2005. For the following reasons, the petition is dismissed as time-barred.

Petitioner's conviction became final prior to the Antiterrorism and Effective Death Penalty Act's effective date of April 24, 1996; as such, he had a one-year grace period in which to file his habeas corpus petition, that is until April 24, 1997. However, the instant petition was not filed until September 13, 2005, more than seven years after the grace period had expired. Accordingly, the court directed petitioner to show cause why the petition should not be dismissed as time-barred. Woods, No. 05-CV-4505 (ARR), slip op. at 1 (E.D.N.Y. Sept. 27, 2005). In the first affirmation, petitioner argued that the petition was not time-barred because he was not challenging his conviction on grounds raised in his direct appeal, but rather on grounds raised in his 440 motion filed on December 21, 2004. He further argued that he filed the instant petition within one year from the date his 440 motion was denied by the

1

Appellate Division. Petitioner's Affirmation at 1-2.

Thereafter, the court set forth the various trigger dates from which the statute of limitations would run, explained that the filing of the 440 motion was not a trigger date for calculating the limitations period and provided petitioner with another opportunity to show cause why the petition should not dismissed as time-barred. Woods, No. 05-CV-4505 (ARR), slip op. at 2 (E.D.N.Y. Nov. 15, 2005). In the instant affirmation, petitioner argues that the applicable trigger date for the one year statute of limitations period is "28 U.S.C. 2244(d)(3), the date the constitutional right is recognized by the Supreme Court." Petitioner's Second Affirmation at 1. Petitioner alleges that he sought "leave to appeal after being denied on April 11, 2005 in the stat[e] supreme court. Clearly, this is the date it was adjudicated on the merits by the supreme court and its constitutional claims recognized." Id. Petitioner reiterates that he is not challenging his conviction on grounds raised in his direct appeal, but rather on grounds raised in his 440 motion filed on December 21, 2004. Id. at 2. Petitioner maintains that he filed the instant petition within one year from the date the Appellate Division denied him leave to appeal on August 15, 2005. Id.

Again, petitioner misunderstands the trigger dates for the period of limitations under 28 U.S.C. § 2244(d). In order for the one year period to run from the date the constitutional right is recognized by the Supreme Court, 28 U.S.C. § 2244(d)(3), petitioner must show that a new right was recognized by the Supreme Court of the United States after his conviction became final. Here, petitioner does not argue that a new right was recognized by the Supreme Court of the United States;[1] rather, he argues that

---

[1] The grounds raised in 440 motion do not involve the recognition of a new constitutional right by the United States Supreme Court. Petitioner argued that the (1) trial court's identification on intent was erroneous; (2) trial court improperly responded to the jury request for re-instruction; (3) trial counsel was ineffective for failing to object to the instructions on intent; (4) charge of attempted in the first degree is non existent crime, and the indictment was defective. Petition at 4, ¶ 11(b).

2

the New York State Supreme Court ruled on his post-conviction motion thereby triggering section 2244(d)(3). This conclusion, however, is wrong. As stated earlier, petitioner's filing of the post-conviction motion in December 2004 is not a trigger date for calculating the grace period and does not serve to toll the grace period while the motion was pending before the New York State Supreme Court. See 28 U.S.C. § 2244(d)(2); Woods, No. 05-CV-4505 (ARR), slip op. at 2 (E.D.N.Y. Nov. 15, 2005); Woods, No. 05-CV-4505 (ARR), slip op. at 2 (E.D.N.Y. Sept. 27, 2005).

Furthermore, petitioner has failed to provide any basis for the court to consider equitable tolling, even after the court has provided petitioner with two opportunities to demonstrate that he is entitled to such relief. Woods, No. 05-CV-4505 (ARR), slip op. at 2 (E.D.N.Y. Nov. 15, 2005); Woods, No. 05-CV-4505 (ARR), slip op. at 2 (E.D.N.Y. Sept. 27, 2005).

Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred under 28 U.S.C. § 2244(d). As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The court certifies that pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
December 6, 2005

3